AARON ROBINSON *vs.* HEMAN SWIFT, administrator of MOSES
ROBINSON, and ISAAC TICHENOR, executor of SAMUEL ROBINSON.
(In Chancery.)

Where A was indebted to the estate of M in several promissory notes which were
put in suit by the administrator of M, and the estate of M was also indebted to the
estate of S, of which A and M were joint residuary legatees,—it was held that M's
administrator could not be compelled to account to A for the moiety of the sum so
due from the estate of M, by cancelling and delivering up the notes in suit; and a
bill brought by A for this purpose was dismissed.

But it might have been ruled otherwise, had the executor of S been insolvent, or had
colluded with the administrator of M.

The bill stated that the plaintiff was indebted to *Moses Robin-son* in his life time on several promissory notes, executed by the plaintiff to him, amounting in the whole to $2000, upon which notes, *Heman Swift*, administrator of *Moses Robinson*, had commenced suits, which were pending against the plaintiff; that *Samuel Robinson* died several years ago, leaving a will of which *Isaac Tichenor* was appointed executor, who proved the will and took letters testamentary thereupon; in and by which will the said *Samuel* gave all the rest and residue of his estate, after the payment of debts and certain legacies, to the plaintiff and the said *Moses Robinson* as joint residuary legatees, and that the said *Samuel* left a large estate more than sufficient to pay his debts and the legacies given by his will; that the estate of *Moses Robinson* was indebted to the estate of *Samuel Robinson* in several sums of money, amounting in the whole to the sum of $5000, which remained unpaid, one half of which belonged and ought to be paid over to the plaintiff as one of the residuary legatees aforesaid; prayed that an account might be taken, and that the said *Heman* as administrator as aforesaid might be ordered to give up the notes in suit against the plaintiff, in part payment of the plaintiff's share of the money so due from the estate of *Moses Robinson*, and to pay over the residue thereof to the plaintiff. The defendants demurred severally to the bill.

XX

BENNINGTON,
February
1830.

Robinson
vs.
Swift et al.

*Smith, for the defendants.*—It is one of the first principles of pleadings, that the orator's bill must contain a positive and distinct statement of every fact and circumstance necessary to establish his claim. This rule is so well settled that if the answer states a new case, the orator cannot have relief according to the case made in the answer without amending his bill.—*2 Mad.* 168, 169. The same general rule applies as at law, that the proof must correspond with the allegations; for the court pronounces the decree *secundum allegata et probata.*—*2 Swift's Dig.* 203. A demurrer admits all the facts which are well pleaded, but denies that the orator is entitled to the relief sought. The court is bound to say whether, from the facts as stated in the bill, a decree can be made against the defendant.—*2 Mad.*281,282; *2 Swift,*216,217.

I. The bill prays for a decree against the administrator of Moses Robinson on the ground that the orator is residuary legatee to the estate of Samuel Robinson, and the estate of Moses Robinson is a debtor to that estate. It is contended that

1. The claim, if any, must be prosecuted in the name of the executor. The executor represents the testator, both at law and in equity, in relation to the personal estate.—*Toller's Executor,* 133, 157, 257, 431, 454; 1 *Swift,* 444, 446; *Newland on cont.* 113, 512, 513. There is no privity between the legatee and the debtor, who is answerable only to the personal representatives of the testator.—1 *Mad.* 224, 287; 2 *Swift's Dig.* 220, 221; 6 *Vesey,* 757, *Alsagar* vs. *Rowly.* A collusion between executor and debtor is not pretended. It is not even alleged that the executor has been requested to prosecute. If the orator intended to rely upon a collusion, it must be specially charged. The common allegation to that effect is mere matter of form.—*2 Mad.* 169. A collusion existing, it would not enable the legatee to seize upon the personal estate, or prosecute in his own name. The remedy, and the only remedy, to be sought, is to apply to the court of probate, and have the executor removed; or to a court of chancery, and have a receiver appointed;—(*Stat. ch.* 44, *s.* 34, 35; 2 *Swift,* 159; 2 *Mad.* 235;) or an order made that the executor file a bill within a limited time, or in default, that the legatee may be at liberty to file a bill.—*2 Mad.* 505. It would be strange, indeed, if the legatee can call every debtor into chancery to pay over one moiety of his debt. The other co-legatee must have the same remedy. The executor in both cases must be a party, and the result would be (the debts being no more than usual) that the executor must take up a permanent residence in chancery;

besides, the whole business of a probate court would be transfer-red to the court of chancery.

2. On the ground of a set-off, no decree can be made against the administrator of Moses Robinson. In cases of set-off a court of equity adopts the same principle as a court of law. Both at law and in equity the debts to be set off must be such as can be prosecuted at the suit of the defendant at law, and the orator in chancery. The debts must be mutual, or, in other words, the parties must be indebted to each other, and the debts must accrue from a dealing between them.—2 *Swift's Dig.* 149 ; 1 *Wheat. Sel.* 117 ; 4 *Johns. Chan.* 11 ; 2 *Mad.* 661 ; 3 *Johns. Chan. Rep.* 358. The damages must be liquidated ; for on application for a set-off, a court of equity, as well as a court of law, will not settle a contested claim.—*Esp. N. P. (pt. 2,)* 75 ; 1 *Wheat. Sel.* 120 ; 2 *Swift's Dig.* 149. Although our statute extends the power of courts of law on this point, it does not affect chancery powers. A court of equity goes no farther than a court of law in cases of set off, unless on the ground of fraud, accident, or mistake, a case is made in the bill for equitable interference. And in this bill nothing of the kind is alleged, or even intimated. The ground, and the only ground, upon which equity is called to interfere for the purpose of set-off is, that the orator is indebted to the estate of Moses Robinson, and has a claim as a legatee on the estate of Samuel Robinson, and that the estate of Moses Robinson is indebted to that estate. If the estate of Moses Robinson was insolvent, or any other circumstance existed which would render it fraudulent in his administrator to recover at law upon the notes, equity might compel an offset upon equitable principles. Not upon the ground that chancery possesses a jurisdiction in relation to offsets different from a court of law, but upon the ground that equity will relieve against fraud in every shape from the lowest to the highest grade.—1 *Swift,* 712 ; 2 *Swift,* 149 ; 2 *Mad. Ch.* 66 ; 1 *Swan. Ch. Rep.* 30.

3. By the will of Samuel Robinson, the orator and Moses Robinson's estate are residuary legatees, and, of course, the residue belongs to them as tenants in common. It is alleged in the bill the estate of Samuel Robinson amounts to seventeen thousand dollars, and that there is a large amount of property to be divided between the residuary legatees. It does not appear from the bill there has been any division between the residuary legatees, or that Moses Robinson or his representatives have received any part or portion of the residue. Under such circumstances the orator

BENNINGTON,
*February,*
1830.

Robinson
*vs.*
Swift et al.

BENNINGTON, cannot sustain a bill against his co-tenant for one moiety of the
*February,*
1830.      debt claimed to be due to the estate of Samuel Robinson.   If a

Robinson    legacy is given to a debtor of the testator, the debt must be deduc-
*vs.*       ted from the legacy, unless it amounts to more than the legacy.   It
Swift et al.
does not appear from the bill but that a large amount will be due
to the estate of Moses Robinson, after deducting the debt.    If
the orator can sustain a bill against his co-tenant in equity, it must
be framed upon the ground of a tenancy in common, praying for
a partition, or division of the whole residue.

II. From the facts stated in the bill there can be no decree
against the executor of Samuel Robinson.

1. The bill is not framed with a view to a decree against the ex-
ecutor for the payment of any money, or rendering any account to
the orator of his executorship.   The executor is made a party
merely to enable the orator to obtain a decree against the admin-
istrator of Moses Robinson, as the decree would affect his rights
as executor.   To give the bill a different construction would ren-
der it demurrable.   A claim against the estate of Moses Rob-
inson, and also against the executor for the residue generally, can-
not be united in the same bill, as it would involve matters and de-
mands of distinct and separate natures.—2 *Swift*, 202; 2 *Mad.* 294.

2. There can be no decree against the executor for the resi-
due, or any part thereof.   The allegation in the bill that the ora-
tor is entitled to a large sum, as a residuary legatee, without sta-
ting the facts from which it may appear, amounts to nothing.   It is
a mere conclusion of the bill, and is not at all supported by the
facts as stated in the bill.   It is not alleged that, aside from the
claim against the estate of Moses Robinson, there was any per-
sonal property belonging to the estate of Samuel Robinson.
The executor is not accountable for the real estate.   The
legatees may divide it among themselves, unless the executor
wants it for the payment of debts, &c.   It is not alleged the
debts and specific legacies have been paid.   It is alleged that after
the payment of the debts, &c., there *will be* a large amount of
property to be divided ; from which it would seem the debts
and legacies are not paid.   It is not alleged the executor has
closed his account in the probate court, or any order made or
proceeding had thereon for that purpose.—*Stat. ch.* 44, *s.* 44.
It does not appear any order has been made by the probate court
for the payment of the legacies, or for a division of the residue among
the residuary legatees.—*Stat. ch.* 44, *s.* 48, 58, 78, 79.   Under
such circumstances the legatees cannot call the executor into

chancey for the residue. If he wishes to prosecute his claim, his remedy is at law. The debts and special legacies being paid, the legatee may call the executor to account before the probate court, and, if dissatisfied with the decree, may appeal to the Supreme Court, (and this is our court of chancery,) and before both courts will have the benefit of the executor's oath. An order of the probate court, dividing the residue and fixing the time for the executor to pay or deliver the same to the legatees, is the next step to be taken. If the executor neglects to pay over, the legatee may bring an action on the probate bond. Or if he wishes still further to avail himself of the oath of the executor, he may bring an action of account.—*Stat. ch.* 10, *s.* 6. The probate court is organized to settle the estate of persons deceased, and, for this purpose, the power of all the courts are concentrated. To sustain a bill upon circumstances, as disclosed in this case, would delay and embarrass the settlement of estates, and transfer the whole business of the probate court to the court of chancery. If a bill can be brought in equity by the residuary legatee, it must be upon the disclosure of circumstances shewing that he has not adequate remedy at law. Courts of equity and courts of law have not, in our jurisprudence, concurrent jurisdiction.—2 *Swift*, 217, 218, 204, 205.

*Bennett and Aikin, for plaintiff.*—1. The first cause of demurrer assigned by the defendant, *Tichenor*, is, that the claim, if any, should be presented by him as executor of Samuel Robinson, and not in the name of the orator. This would be a good objection at law, but we think not in chancery.

The bill states, that after the payment of all debts, specific legacies, and the expenses of the settlement of the estate of Samuel Robinson, there will be a large amount of property to go to the orator and said Moses, or their representatives, as residuary legatees : and then proceeds to set out specific claims due the estate of Samuel Robinson, and then alleges the funds in the hands of Moses Robinson, or rather his administrator, to pay these claims, and then goes on to state, that in equity and good conscience the orator is entitled to have allowed him one moiety of the said claims.

No good reason can be assigned why the orator should not be permitted to sustain the bill. Chancery has jurisdiction over an executor to enforce payment of a legacy, and, if he recover possession of *assets*, he holds them as *trustee* for the *legatees*.— 1 *Mad. Ch.* 578 ; 2 *Fonb.* 316, *n. d.* So a bill for distribution

BENNINGTON, of personal estate will be sustained in England, notwithstanding
the jurisdiction of the spiritual courts in this matter.—1 *Vernon*,
133, 134.   See also, 8 *Vin. Abr.* 548 ; *Andrews* vs. *Powers*,
2 *Vernon*, 47, *and note ;* 1 *Strange*, 666.   Sometimes chancery
will sustain a proceeding in spiritual courts for a legacy.—2 *Atk.*
420 ; 2 *Fonb.* 317. *n. d.*   Our probate law has no negative words
ousting chancery of its jurisdiction, and there is no reason why it
should be done by implication.   The rights of all parties are secur-
ed.—2 *Com. Dig.* 603, 3 *g.* 3 ; 1 *Vernon*, 94, 162 ; 2 *Vernon*,
205, 306 ; *Fonb.* 376, *n. p.*   To hold that the executor of Sam-
uel Robinson must prosecute the claims for the *benefit* of residu-
ary legatees, and the residuary legatees the executor, would re-
quire two suits, where all may be done by one.   It is true, if it
appears by the bill or answer that the executor wants the funds
for payment of debts and specific legacies, his claim is paramount .;
but this must appear, to defeat the equitable claim of the residua-
ry legatee into whosesoever hands the *assets* may be.   The princi-
ples of the English cases sustain this bill.

  2. The 2nd cause of demurrer on the part of the executor of
Samuel Robinson, is, that the bill does not pray for a decree
against him for the payment of monies, or to render an account
of his executorship to the orator.   In answer to this objection it
may be said, that it is common for a person to be made a co-de-
fendant against whom no remedy is sought.   In the present case
the executor has the legal interest, and if the claims specified in
the bill were wanting for payment of debts, his right would be par-
amount to the orators.   Hence the necessity of making him a
co-defendant.   The subject of the bill is not to effect a settlemer t
of the executor's account ; and as the bill is not predicated on the
ground that the claims specified in it have gone into the hands of
the executor, there is no reason why a decree against him should
be sought.

  The remaining objections to the bill by this defendant is of a
general character, *viz.* the orator has not made such a case as en-
titles him to any *discovery* or *relief* as against this defendant.   It
is true, no relief is asked against this defendant, and if we are
correct in our opinion, this is no cause of demurrer.

  The objections made by *H. Swift* to the bill, as contained in
his demurrer, are,

  1. The same as the one contained in the demurrer of *Tichenor*.
This is sufficiently answered.

  2. That no decree can be made against him as administrator

BENNINGTON,
February,
1830.

Robinson
vs.
Swift et al.

on the ground of a set-off. The funds, a moiety of which the orator claims, are in the hands of this defendant as the administrator of Moses Robinson, and the claim, upon which the offset is asked, is due from the orator to said *Swift* as such administrator.

Here is, in equity, a *mutuality* of interest, and chancery will decree set-offs in all such cases.

3. The next cause of demurrer is, that the orator and Moses Robinson's estate are tenants in common of the property which may belong to them as residuary legatees under the will of Samuel Robinson, and that the orator cannot sustain a bill against his co-tenant for a moiety of the debt claimed to be due the estate of Samuel Robinson, but must bring his bill for a *division* or *partition* of the *whole* of the *residue*. In answer to this objection, it may be said that it does not appear from the bill that the orator and the estate of Moses Robinson have any interest in common unsettled, under the will of Samuel Robinson, which will not be settled in this suit. The object of this bill is not to procure a settlement between the orator and the estate of Moses Robinson of their interest under the will, or to call a sum of money out of the hands of the administrator of Moses Robinson ; but to enforce an application of the funds in his hands by a decree making the set-off, the relief sought by the orator will be obtained. Again, this is a proceeding against the estate of Moses Robinson, the executor of Samuel Robinson, being a party *pro forma*, the funds, a moiety of which are claimed in the bill, not having gone into his hands, there is no pretence in the bill that there are further funds in the hands of the administrator of Moses Robinson, a moiety of which the orator can claim. But it will be contended, that, even admitting that it appeared in the bill that there are other funds which ought to be the subject of division, still this would be no cause of demurrer to this bill. If we are correct in our views, we are not only entitled to a discovery, but also to relief in the premises as against the administrator of Moses Robinson.

PRENTISS, Chancellor, pronounced the opinion of the Court.—
The bill, after stating that the plaintiff is indebted to the estate of *Moses Robinson* on several promissory notes, which are in suit against him, charges that the estate of *Moses Robinson* is indebted to the estate of *Samuel Robinson*, of which the plaintiff and *Moses Robinson* were joint residuary legatees ; and the object of the bill is, to compel the administrator of *Moses Robinson* to account to the plaintiff for one moiety of the sums so due from the

estate of *Moses Robinson*, by cancelling and delivering up the notes in suit against the plaintiff, and paying over to him the surplus.

A creditor, filing a bill against an executor, cannot make a debtor of the estate a party ; nor can a legatee institute a suit against the debtors to the testator's estate, for the purpose of compelling them to pay their debts to him in satisfaction of his legacy. Though the legatee, like a creditor, has an interest in the estate of the testator, and a right to have it applied to answer his demand in a due course of administration, and may have his remedy against the executor, yet, unless by the insolvency of the executor, or collusion between him and the debtors, a distinct ground is given for a bill by the legatee against them, it cannot be sustained. —(*Coop. Eq.* 175 ; 1 *Mad. Ch.* 287.)   The executor's power over the estate is exclusive, and he alone is entitled to sue for and collect the *choses in action ;* and to permit legatees or creditors to proceed against the debtors would lead to confusion and embarrassment in the settlement of the estate.    Their right to follow *the assets, and make both the executor and debtor parties to a bill in equity,* is allowed only in some special case, such as collusion or insolvency.  In the case before us, there is no suggestion of collusion, or even of negligence, on the part of the executor. An executor, after payment of the debts and legacies, is bound to pay over the surplus to the residuary legatees ; and, in general, the probate bond is a sufficient security, and affords an ample remedy, to them.    This is not a bill by one of two *joint residuary legatees* against the executor and the other legatee for an account and his portion of the residuum.    Such is not the case stated in the bill. There is no allegation that the executor of *Samuel Robinson* has any assets in his hands, after the payment of debts and legacies, or that there is any thing to which the plaintiff is entitled, except the money alleged to be due from the estate of *Moses Robinson* ; nor is there any prayer for an account or decree against the executor.    Relief is prayed for only against the administrator of *Moses Robinson*, and that solely on the ground that the estate of *Moses Robinson* is indebted to the estate of *Samuel Robinson*, of which the plaintiff is residuary legatee.    The case comes within the general principle laid down, and the demurrers must be allowed.

Bill dismissed.