MARSHALL R. MASON *v.* SILAS MASON'S EXECUTORS.

January Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed February 15, 1904.

*Partnership—Decedent's Estate—Administration—Bill in
Equity—Parties—Sole Heir.*

No reason appearing why the matter should not follow the common
course of regular administration, the sole heir of an intestate,
though there be no creditors, cannot maintain a bill in equity to
reach the assets of the decedent's estate; but the suit must be
brought by the administrator.

APPEAL IN CHANCERY. Heard on demurrer to the bill
at the December Term, 1902, Bennington County, *Munson,*
Chancellor. Demurrer sustained, and bill adjudged insuffi-
cient. The orator appealed. The opinion states the case.

*Arthur P. Carpenter* for the orator.

Wherever a fiduciary relation exists, the right to an ac-
tion in equity is well settled. *Barnes* v. *Dow,* 59 Vt. 531;
*Hale* v. *Hale,* 4 Humph. 183; *Dyckman* v. *Valiente,* 42 N. Y.
549; *Suydam* v. *Bastedo,* 40 N. J. Eq. 433; *Tateum* v. *Ross,*
150 Mass. 440.

Whenever it appears that no other heir or creditor is
interested they need not be joined as parties. *Bellows* v.
*Sowles,* 57 Vt. 411.

*O. E. Butterfield* for the defendants.

Where a party has an ample remedy at law, his action
must be at law and not in equity. *Currie* v. *Rosebrookes,* 48
Vt. 34; *Durkee* v. *Durkee,* 59 Vt. 70.

The administrator of Marshall S. Mason has a full remedy against Silas Mason's executors under our statutes. V. S. 1451-1452; *Newell* v. *Humphrey,* 37 Vt. 268; *Park* v. *McGowan,* 64 Vt. 173; *Porter* v. *Wheeler,* 37 Vt. 281.

STAFFORD, J.   Silas Mason and his son Marshall were partners in trade for two or three years, and then Marshall died.   His father wound up the business and turned the assets into money which he held thereafter until his own death, nearly twenty years later.   An accounting would have shown a considerable sum due to Marshall at the time of his death. The orator is the son and only heir of Marshall and, being a minor, brings this bill by his mother, as next friend, against the defendants as executors of Silas's will.   The orator is informed and believes that papers and books of account of the partnership, showing the true state of affairs, are in the defendants' hands, and he asks that the defendants be enjoined from putting them beyond his reach; that an account may be taken, and a decree rendered against them for the balance that would have belonged to his father.   Marshall owed no debts at his decease and left no will.   There is an administrator upon his estate, but he is not a party to this proceeding. In the Court of Chancery the bill was held insufficient on demurrer, and dismissed; and the case is here on appeal from that decree.

The bill cannot be maintained by the heir.   The statute confers upon the administrator the right to bring all actions at law and suits in equity that may be necessary to enable him to collect the assets.   The fund here sought to be reached would be assets.   He has given his bond, and is responsible to the orator for the collection of this fund.   The orator cannot thus take the administration into his own hands.   If the defendants are liable, they have a right to insist upon settling

that liability with the administrator, the officer appointed by
law.   V. S. 2445; *Robinson* v. *Swift,* 3 Vt. 377, 384.

We do not say that circumstances might not exist which
would entitle the heir to maintain the bill,—such as fraud,
collusion or the danger of irretrievable loss.   But no such cir-
cumstances are alleged to exist here, and no reason appears
why the case should not follow the common rule of orderly
administration.

*Decree affirmed and cause remanded.*