CLARENCE R. MARSH ET AL. *v.* EDWARD S. MARSH, ET AL.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 5, 1906.

*Bill in Equity—Demurrer—Staleness—Parties—Administrator Representing Creditors—Right of Heir to Maintain Suit —Compromise by Administrator—Sale of Equity of Redemption by Administrator—Effect as Establishing Mortgage.*

If the defence of staleness can be interposed on demurrer to a bill in equity, it can be only when the objection appears on the face of the bill.

Where an administrator is made a party in his trust capacity to a suit in equity affecting his decedent's estate, the creditors of the estate are represented and protected.

An heir of an estate, as well as the creditors thereof, may maintain a suit in equity in behalf of the estate, when the administrator declines to act.

The sale by an administrator, under a general license from the probate court, of the estate's equity of redemption in mortgaged real estate, does not establish the validity of the mortgage.

Under the statute authorizing an executor or administrator, with the approbation of the probate court, to compound with a debtor of the deceased, a compromise by the administrator, with the approval of the probate court, of a suit brought by creditors of a decedent to set aside certain mortgages executed by the decedent, does not bar a subsequent suit by heirs of the decedent against same defendant involving transfers of other property by the decedent.

*Held,* that, because of the inability of the probate court to grant equitable relief, it cannot be said that the law affords a complete remedy in the circumstances disclosed by the bill.

APPEAL IN CHANCERY.    Heard on demurrer to the bill at the March Term, 1905, Rutland County, *Powers,* Chan-

cellor.  Demurrer sustained, *pro forma,* and bill adjudged insufficient.  The orators appeal.

*Edward H. Deavitt,* and *Harlan F. Stone* for the orators.

The orators have no adequate remedy at law.  *Morse et al.* v. *Slason et al.,* 14 Vt. 296; *Wade* v. *Pulsifer,* 54 Vt. 45; *Mann* v. *Mann's Est.,* 53 Vt. 48; *Wetherbee* v. *Chase,* 57 Vt. 253; *Lindsey* v. *Austin,* 60 Vt. 627; *Wilder* v. *Wilder et al.,* 75 Vt. 178; *Missionary Society* v. *Eells et al.,* 68 Vt. 497.

The bill does not show such laches on the part of the orators as entitles defendants to have the bill dismissed.  *Payne* v. *Hathaway,* 3 Vt. 212; *Bailey et al.* v. *Bailey et al.,* 64 Vt. 494; *Bailey et al.* v. *Woodbury,* 50 Vt. 166; *Scoville* v. *Brock,* 76 Vt. 385.

*E. S. Marsh* for the defendants.

Proceedings for the recovery of an estate's misappropriated assets can be maintained only by the administrator, or, in certain circumstances, by the creditors.  *Robinson* v. *Swift,* 3 Vt. 377; *Mason* v. *Mason's Ex.,* 76 Vt. 287.

MUNSON, J.  This bill is brought to establish and secure certain rights in the estate of Eliza E. Marsh, late of Brandon, Vt., who died intestate, leaving two sons and the two sons of a deceased daughter.  The orators are Clarence R. Marsh, one of the sons, and the grandchildren.  The defendants are Edward S. Marsh, the other son, E. J. Ormsbee, the administrator of Eliza Marsh's estate, and one Post, surviving partner of Post & Flagg, a firm which is alleged to have received large amounts of the property of the deceased through the instrumentality of Edward, some of which is stated to be still in the possession of the surviving partner.

The bill alleges in substance that the deceased was a widow, whose immediate family consisted of herself and her son Edward; that for some time previous to her death she was mentally weak and susceptible to undue influence; that during this time Edward was her business, financial, and confidential legal adviser; that she formerly had property amounting to one hundred thousand dollars, and was free from debt; that during Edward's management of her affairs this property was so disposed of and incumbered that she died insolvent; that she executed to Post & Flagg mortgages of real estate securing notes of Edward amounting to twenty-four thousand dollars, and conveyances, absolute or conditional, of other real estate, and also transferred to them stocks and bonds; that Edward procured this to be done by an exercise of improper influence and for the purpose of obtaining possession of her property; that said Post & Flagg were New York brokers, through whom Edward bought and sold stocks on speculation, that they were cognizant of Edward's fraudulent methods and purpose and acted in collusion with him, and that the securities placed in their hands were treated as a fund upon which Edward might draw for his own uses.

It appears from further allegations of the bill that Edward was otherwise indebted to the deceased in a large amount, and that he owns certain property described in the bill, but is insolvent; that defendant Ormsbee was appointed administrator *de bonis non* of the estate in March, 1899; that certain banks, for themselves and other creditors of the estate, had before this brought a bill in equity against Edward and the firm of Post & Flagg, alleging that the mortgages executed by Mrs. Marsh to Post & Flagg were fraudulent as to creditors because obtained by the grantees through collusion with Edward, and by means of his undue influence over his mother,

and because given for the purpose of placing the grantor's property beyond the reach of her creditors; that said Ormsbee as administrator, and certain creditors, intervened in said suit, and that Ormsbee was appointed receiver of the income of the mortgaged property; that in December, 1900, said Ormsbee as administrator applied to the probate court for permission to compromise said suit, and that it was compromised with the approval of the court upon terms by which Ormsbee paid to Post & Flagg the balance held by him as receiver, and in his capacity as administrator received from Edward over five thousand dollars, the greater part of which he has since paid out under the orders of the probate court; that the administrator had previously obtained a license to sell all the real estate for the purpose of paying the debts and charges of administration; that none of the heirs joined in the application therefor, or were notified of the hearing thereon otherwise than by publication; that by virtue of this license the administrator conveyed to Post & Flagg the estate's right of redemption in the property covered by said mortgages; that the administrator's account has since been approved, and a dividend declared and paid; and that the administrator has declined to proceed against the other defendants for the benefit of the orators.

The bill prays for a disclosure in detail of all the business transactions had by deceased with said Post & Flagg, either directly or through the said Edward; that the mortgages executed by the deceased to Post & Flagg be decreed to be void; that the land described in certain of said mortgages be declared free of the incumbrance, or that Post be adjudged a trustee of the property for the benefit of the orators and directed to make proper transfer thereof; that defendants Post and Edward S. be decreed to deliver to the administrator all

the property of the deceased in their possession or control; that defendant Edward account for whatever property has come into his possession from the said Eliza or from her estate, and that his property described in the bill be charged with liens to secure the payment of whatever may be found due; and for a writ of sequestration, and an injunction against transfers by either of said defendants.

The bill is demurred to by defendant Edward for the reasons that the orators have no interest in the subject-matter of the suit, and are not proper parties to bring suit; that a former suit based upon the same matters and brought by proper parties was settled; that the validity of the sale and transfer of the real estate under license of the probate court cannot be questioned; that the orators have been guilty of laches in bringing this bill; and that they have an adequate remedy at law.

If the defence of staleness can be interposed by demurrer, it can be only when the objection appears on the face of the bill. For anything that appears here, the orators may have had reason to expect, until shortly before the bill was brought, that the administrator would take action in the matters complained of.

The allegations of the bill show a right in the orators to maintain it. The administrator has refused to sue, and is made a party defendant in his trust capacity. The creditors of the estate are thus represented and protected. All who are interested in what may be left after the payment of the debts and charges are made parties. The right to proceed by suit when the administrator declines to act is not confined to creditors. The right of an heir to maintain a bill in special circumstances is recognized in *Mason* v. *Mason's Exrs.*, 76 Vt. 287, 56 Atl. 1011. Collusion on the part of the administrator

has often been recognized as sufficient to sustain proceedings by an heir; and a refusal to act, from whatever cause, presents the same necessity.

It cannot be said that the law affords a complete remedy in the circumstances disclosed by the bill. The alleged fraud has placed the property beyond the effective administration of the probate court. That court is without power to fasten upon the property or to create liens or enforce transfers.

The sale of the equity in the mortgaged premises under the general license of the probate court did not establish the validity of the mortgages. It is clear that the orators could have some measure of relief as to the mortgaged property without touching the interest obtained from the administrator. Beyond this it is not necessary to inquire.

The statute provides that "an executor or administrator may compound with a debtor of the deceased for a debt due, with the approbation of the probate court, * * " The demurrant insists that the compromise of the suit brought by the banks, with the approval of the probate court, upon the payment of a sum by him to the administrator, is a bar to the maintenance of this bill by the heirs. We think the allegations of the bill are not sufficient to give the settlement the effect claimed. The exact allegation is that the administrator was to receive this sum "in compromise of said suit." When considered in connection with the subject-matter of the former suit, this does not necessarily imply, and perhaps is inconsistent with, an understanding that the money was to be received in full discharge of Edward's liabilities to the estate. In that suit the allegations of undue influence and fraudulent purpose were applied only to the validity of the mortgages given to secure the notes of Edward. The procurement of other property by undue influence, and the liabilities arising therefrom,

are involved in the present proceeding. The allegations are not sufficient to show that the payment was in discharge of all these matters. As this will require the overruling of the demurrer, we do not consider the effect of the settlement of the suit upon the defendants' rights as regards the mortgaged property, nor the conclusiveness upon heirs of settlements approved by the probate court.

*Pro forma decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*