## In re Estate of Allen L. Stratton

## Merchants Trust Company v. Francis Peisch, Esq.

[674 A.2d 1281]

No. 94-513

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 8, 1996

*Richard H. Wadhams, Jr.,* of *Pierson, Wadhams, Quinn & Yates,* Burlington, for Defendant-Appellant.

**Gibson, J.** Attorney Francis Peisch appealed to Grand Isle Superior Court a probate court decision with respect to the estate of Allen L. Stratton. In a related action, Merchants Trust Company sued Peisch in the Chittenden Superior Court for malpractice as executor and attorney for the same estate. Peisch moved in both courts for permission to pursue an interlocutory appeal, and the motion was granted as to each proceeding. The certified questions are answered and the matter remanded.

Appellant was executor and attorney for the estate of Allen L. Stratton, whose one natural child was a daughter, Alene Stratton. Sometime prior to August 20, 1969, Allen L. Stratton opened an account at the Burlington Savings Bank entitled "Allen L. Stratton, Trustee for Alene Harris Stratton." Alene Stratton, then known as Alene Stratton Srba, died on August 8, 1982. On September 5, 1984, Allen L. Stratton opened a deposit account at the Bank of Vermont,

accompanied by a letter to an officer of the bank stating in relevant part:

> Per my phone call today, I am enclosing my check #1117, for $100,000.00.

> Will you please issue a C/D in this amount for 29 months, with interest guaranteed for 29 months at 12% (effective yield 12.55%.)

> This C/D should be issued in the name of *ALLEN L. STRATTON, TRUSTEE For ALENE HARRIS STRATTON.*

> As you confirmed, this C/D Account, viz — ALLEN L. STRATTON, TRUSTEE For ALENE HARRIS STRATTON, will be treated as a separate account and so insured by FDIC, and not combined in any way with my other C/D's already issued by the Bank of Vermont and/or Burlington Savings Bank, in my name only — viz — ALLEN L. STRATTON.

On September 21, 1986, Allen L. Stratton died. Shortly thereafter, appellant filed a petition to open the Allen L. Stratton estate as executor and later a petition to reopen the intestate estate of Alene Stratton Srba, which he had previously administered. Appellant took possession of the 1969 and 1984 accounts in February 1987 and thereafter filed an inventory in the Alene Stratton Srba estate listing both accounts, the proceeds of which he distributed to Alene Stratton Srba's three children in April 1987.

In September 1988, Merchants Trust Company, as administrator of a trust created in Allen L. Stratton's will, filed a petition in the Grand Isle Superior Court seeking, and obtaining, removal of appellant as executor of the Allen L. Stratton estate for numerous reasons, including his unauthorized removal of the 1984 account as an asset of the estate. In December 1992, Merchants brought an action against appellant in the Chittenden Superior Court for malpractice in rendering legal advice to the Allen L. Stratton estate and for converting the proceeds of the 1984 account.

The matters were consolidated, and following a prehearing conference the court ruled that the 1984 account was an asset of the Allen L. Stratton estate as a matter of law, since a person who has died prior to the creation of a trust cannot be a beneficiary of the trust, and consequently, no trust is created in such circumstances, citing Re-

statement (Second) of Trusts § 112, cmt. f (1959). * The court granted appellant's motion for interlocutory review and certified the following questions pursuant to V.R.A.P. 5(a):

> (a) whether Bank of Vermont Account No. 01-878370 entitled "Allen L. Stratton, Trustee for Alene Harris Stratton" created by Allen Stratton after the death of Alene Harris (Stratton) Srba, when Allen L. Stratton knew that she was already dead, is an asset of the Estate of Allen L. Stratton, or, alternatively, is an asset of the Estate of Alene Harris (Stratton) Srba.

> (b) whether Burlington Savings Bank Account No. 159284 entitled "Allen L. Stratton, Trustee for Alene Harris Stratton" created by Allen L. Stratton before the death of Alene Harris (Stratton) Srba, with further deposits being made to the account by Allen L. Stratton after the death of Alene Harris (Stratton) Srba, is an asset of the Estate of Allen L. Stratton, or, alternatively, is an asset of the Estate of Alene Harris (Stratton) Srba.

> (c) whether the two above certified questions are, on the one hand, questions of law to be decided by the court, or, on the other hand, questions of fact or mixed questions of law and fact to be decided by the jury.

Appellant argues that the court erred in ruling that a person who has died prior to the creation of a trust cannot be a beneficiary of the trust, since in the present case Allen L. Stratton knew that his daughter was no longer living at the time he opened the 1984 account. The principle enunciated in § 112 of the Restatement and relied on by the court does apply most commonly to cases in which a beneficiary is alive when the trust instrument is created but dies prior to the vesting of the trust, or where the settlor is unaware that the intended

---

* Section 112 states:

> A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities.

Comment f states in relevant part:

> A person who has died prior to the creation of a trust cannot be a beneficiary of the trust. Thus, if property is transferred inter vivos in trust for a named person who is dead at the time of the transfer, no trust is created. In such a case the transferee ordinarily holds upon a resulting trust for the transferor.

beneficiary is deceased at the time the trust is created and does not apply where the beneficiary is living when an inter vivos trust is created. See, e.g., *First National Bank of Bar Harbor v. Anthony*, 557 A.2d 957, 959 (Me. 1989); *Estate of McReynolds*, 800 S.W.2d 798, 800 (Mo. Ct. App. 1990).

But the essence of the Restatement rule is that a trust may not be created in favor of a person who is deceased, for the more basic reason that a person who is dead is not the subject of rights or duties. 2 A. Scott & W. Fratcher, The Law of Trusts § 112.3, at 166 (4th ed. 1987). That principle is no less applicable where the person identified as beneficiary is dead when the trust is created than it is where the named beneficiary predeceases the settlor.

■ Appellant argues that where it is apparent that a settlor or testator intends to benefit the estate of a deceased beneficiary by naming the deceased person in a will or trust instrument, that intent should be given effect, notwithstanding the general rule to the contrary, quoting Restatement (Second) of Property § 18.5 cmt. a (1986). But the quoted Property Restatement provision (which is in any event limited to appointments by donees of powers of appointment) makes clear that the intent to benefit the successors of a predeceased beneficiary must be expressed in the appointment itself. Compare *id.*, illus. 1 (giving example of language resulting in lapse ("to my niece Mary and her heirs")) with *id.*, illus. 2 (giving example not resulting in lapse ("to my niece Mary or her heirs")).

In the present case, there is no language in the instrument suggesting any intent to benefit the successors of Alene Stratton Srba. Cf. Bogert, Trusts and Trustees § 164, at 154 (2d ed. 1979) (where death of beneficiary is unknown to settlor, trust assets may pass to beneficiary's successors where there is "clear indication *in the instrument* that the successors of the sole beneficiary are to take as beneficiaries if [the sole beneficiary] should be dead") (emphasis added). The only indication in the instrument bearing on Allen L. Stratton's intent is that he sought to maximize his per-account FDIC insurance coverage. Even if we recognized an exception to the § 112 rule where the language of a trust instrument reflected an intention to benefit a predeceased beneficiary's successors, appellant has not suggested any reason to vary from the rule in this case. In the absence of such a showing, it was not error for the court to rule that the 1984 account was an asset of the Allen L. Stratton estate as a matter of law.

Appellant argues in the alternative that the letter accompanying the 1984 account was ambiguous, that parol evidence could have been allowed to resolve the ambiguity, and that its construction was therefore a question of fact to be determined by the jury. At trial, however, appellant did not suggest that there was any evidence bearing on Allen Stratton's intent, other than the letter establishing the 1984 account. Appellant did offer the parol evidence theory at trial, but his sole support for it was the following statement in his trial brief:

> In the instant case, Allen Stratton's knowledge that Alene was already deceased when he opened the 1984 CD account in her name and his knowledge that her children would take as her heirs clearly indicates his intention that Alene's children were the intended beneficiaries of the account.

This tender of "parol evidence" is a restatement of appellant's construction argument. He in effect argues that if language is ambiguous, its construction is necessarily a jury question, whether or not any extrinsic evidence exists that might shed light on the drafter's intent. A necessary ingredient in a parol evidence theory is parol evidence. Here, none was tendered.

Appellant cites *Borah v. Lincoln Hospital Ass'n*, 46 N.W.2d 166 (Neb. 1951), for the proposition that parol evidence should be admissible to clarify a "latent ambiguity" concerning the true identity of a named legatee or beneficiary. *Borah* dealt with a case of confusion of names, and the holding was limited to the proposition that where the description of a legatee does not accurately apply to anyone, extrinsic evidence may be presented to identify the person intended. *Id.* at 170. In the present case, the beneficiary was not unidentified; she was deceased. Again, there was no language in the instrument reflecting an intent to benefit her estate. There was no error.

As to the second question certified, the 1969 Burlington Savings Bank account consisted of funds contributed by Allen L. Stratton both prior to and after the death of Alene Harris Srba. The court ruled that the account lapsed under Vermont law governing Totten Trusts, and appellant has not argued to the contrary in his brief.

*The questions certified are answered as follows:*

*(a) Bank of Vermont Account No. 01-878370 is an asset of the Allen L. Stratton Estate;*

*(b) Burlington Savings Bank Account No. 159284 is an asset of the Allen L. Stratton Estate.*

*(c) The first and second questions certified were questions of law to be decided by the court.*
*Remanded.*