*Thum v.O'Dea*, No. 39-2-14 Bncv (Wesley, J., June 24, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 39-2-14 Bncv |

### Thum et al vs. O'Dea et al

## ENTRY REGARDING MOTION

Count 1, Malpractice - Attorney (39-2-14 Bncv)
Count 2, Malpractice - Attorney (39-2-14 Bncv)

Title:        Motion to Dismiss (Motion 1)
Filer:        Joseph O'Dea
Attorney:    Gregory S. Clayton
Filed Date:   March 17, 2014

Response filed on 06/09/2014 by Attorney Robert F. O'Neill for Plaintiff Tiffany Cobb Morgan

**The motion is DENIED.**

### Order Granting in Part and Denying in Part Defendants' Motion to Dismiss

Plaintiffs sue Defendants for legal malpractice and consumer fraud. According to the complaint, Joseph O'Dea represented the estate of Mildred Cobb Thum as its executor and attorney. O'Dea erred in his assessment of taxes due and the error caused the estate to incur $117,000 in interest and penalties. After realizing his error, O'Dea told the Plaintiffs the Internal Revenue Service may waive the penalties. The IRS declined to waive the penalties.

On March 17, 2014, Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendants argued the civil division lacks subject matter jurisdiction to hear this case because all matters related to the settlement of estates must be addressed by the probate division. Defendants further argued Plaintiffs are not the real party in interest to bring a claim; instead, Defendants believe the Estate should bring a claim. Finally, Defendants argue Plaintiffs cannot use errors in professional judgment as the basis for a consumer fraud claim. Plaintiffs opposed the motion to dismiss on June 9, 2014.

The Court disfavors and rarely grants motions to dismiss. *See Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The Court uses motions to dismiss to evaluate the law in a pleading. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). Accordingly, the Court will only grant a motion to dismiss when there are "no facts or circumstances, consistent with the complaint that would entitle Plaintiff to relief." *Bock*, 2008 VT 81, ¶ 4. For this motion, the Court assumes the truth of all facts offered by the non-moving party. *Id.*

Civil division has jurisdiction over all civil actions and may hear cases that are not part of the subject matter jurisdiction of another division. 4 V.S.A. § 31(1), (5). The probate division has

exclusive jurisdiction over the settlement of estates. 4 V.S.A. § 35(2). The Vermont Supreme Court allowed the superior court equity jurisdiction over claims brought against the administrators of an estate. *See Heirs of Friend Adams v. Administrators of Friend Adams*, 22 Vt. 50, 62 (1849). More recently, the Vermont Supreme Court heard a legal malpractice claim against an estate's attorney in the civil division. *See Merchants Trust Co. v. Peisch*, 165 Vt. 7, 7 (1996). In *Peisch*, the Vermont Supreme Court did not raise an issue of subject matter jurisdiction. *See id.*

Under the circumstances presented, the Court has subject matter jurisdiction. Legal malpractice claims are within the jurisdiction of the civil division. *See* 4 V.S.A. § 31(1), (5); *Peisch*, 165 Vt. at 7. Although the probate division has exclusive jurisdiction over the settlement of estates, this matter raises claims that are outside of a typical estate. The situation is similar to that in *Adams* where the Supreme Court allowed plaintiffs to sue administrators outside of the probate court. *See* 22 Vt. at 62. The situation is also similar to *Peisch*, where the Supreme Court would have dismissed the claims had the superior court lacked subject matter jurisdiction. *See* 165 Vt. at 7.

The Court rejects Defendant's claim that Plaintiffs lack standing. Plaintiffs are the real parties in interest to bring suit against Defendants. Ordinarily, the executor must sue to recover damages against the estate. *See Mason v. Hicks*, 76 Vt. 287, 288 (1904). Heirs may sue when the executor has refused to sue. *See Marsh v. Marsh*, 78 Vt. 399, 403 (1906). This case presents an odd situation because the heirs seek to sue a former executor. The Court will not require the heirs to show the executor refused to sue himself, particularly as Defendant has now resigned. On a motion to dismiss, the Court will assume the new executor made this refusal. *See Bock*, 2008 VT 81, ¶ 4. Assuming the new executor refused to sue, Plaintiffs may bring this action. *See Marsh*, 78 Vt. at 403.

Finally, the Court considers if Plaintiffs may sue Defendants for consumer fraud. Plaintiffs may not sue an attorney for consumer fraud based on an incorrect legal opinion. *Webb v. LeClair*, 2007 VT 65, ¶¶ 21–22, 182 Vt. 559. On the other hand, plaintiffs may sue an attorney for consumer fraud based on "[t]he commercial, entrepreneurial aspects of the practice of law include advertising, billing and collection practices, fee arrangements, and methods of obtaining, retaining and dismissing clients." *Kessler v. Loftus*, 994 F.Supp. 240, 243 (D. Vt. 1997); *see also Webb*, 2007 VT 65, ¶ 22 (adopting *Kessler*). Here, the basis for Plaintiffs' claims against Defendants is O'Dea's alleged legal errors. The claims do not relate to how O'Dea ran his business. *See Kessler*, 994 F.Supp. at 243. The alleged errors plainly support the claim for legal malpractice but do not give rise to a claim for consumer fraud. *See Webb*, 2007 VT 65, ¶¶ 21–22. Therefore, the Court will dismiss the claim for consumer fraud.

**Order**

The Court **GRANTS in PART** and **DENIES in PART** Defendants' motion to dismiss. The Court **GRANTS** the motion in regard to Plaintiffs' claim for consumer fraud (Count II). The Court **DENIES** the motion in regard to the claim for professional malpractice (Count I).

So ordered.

Electronically signed on June 23, 2014 at 04:59 PM pursuant to V.R.E.F. 7(d).

John P. Wesley

_____
John P. Wesley
Superior Court Judge

Notifications:
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Robert Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Carl Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff David Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Eric Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Frank Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Tiffany Cobb Morgan
Gregory S. Clayton (ERN 1716), Attorney for Defendant Joseph O'Dea
Gregory S. Clayton (ERN 1716), Attorney for Defendant Joseph O'Dea
David A. Boyd (ERN 4578), Attorney for party 1 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 2 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 3 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 4 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 5 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 6 Co-Counsel