*Thum v. O'Dea*, No. 39-2-14 Bncv (Wesley, J., Aug. 29, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 39-2-14 Bncv |

---

## Thum et al vs. O'Dea et al

---

# ENTRY REGARDING MOTION

Count 1, Malpractice - Attorney (39-2-14 Bncv)
Count 2, Malpractice - Attorney (39-2-14 Bncv)

| | |
|---|---|
| Title: | Motion Permission to take interlocutory appeal (Motion 4) |
| Filer: | Joseph O'Dea |
| Attorney: | Gregory S. Clayton |
| Filed Date: | July 8, 2014 |

Response filed on 07/21/2014 by Attorney Robert F. O'Neill for Plaintiff Tiffany Cobb Morgan

**The motion is DENIED.**

### Decision and Order
### Denying Defendant's Motion for Permission to Take an Interlocutory Appeal

Plaintiffs sue Defendants for malpractice based on his activities as an executor of an estate. On June 24, 2014, the Court denied Defendants' motion to dismiss the case for lack of subject matter jurisdiction. The Court also dismissed Plaintiffs' claims for consumer fraud. The Court determined the Civil Division has subject matter jurisdiction to hear this case and Plaintiffs need not proceed in the Probate Division. The Court further determined Plaintiffs are the correct party to bring this suit.

On July 7, 2014, Defendants filed a motion for permission to take an interlocutory appeal. Defendants argued reasonable minds could differ about whether the Civil Division has jurisdiction and an interlocutory appeal would advance the litigation. Plaintiffs opposed the motion on July 21, 2014.

Under V.R.A.P. 5(b), a party must seek permission with the Superior Court before taking an interlocutory appeal. The Superior Court will only grant permission if there is a controlling question of law, reasonable minds could disagree about the Court's decision, and appeal would materially advance termination of the litigation. *See* V.R.A.P. 5(b)(1). Vermont has a public policy against allowing piecemeal appeals. *See In re Pyramid Co.*, 141 Vt. 294, 305–06 (1982). In making its determination, the Superior Court must consider the judicial resources involved in allowing an interlocutory appeal. *Id.* at 305. The Superior Court places little weight on the vehemence of arguments that the reasonable minds could differ about the outcome of the motion. *See id.* at 306.

The Court will not grant permission for an interlocutory appeal because Defendants cannot satisfy the requirements of V.R.A.P. 5. First, reasonable minds cannot disagree that the Civil Division has subject matter jurisdiction. As explained in the July 24, 2014 order, multiple cases hold the Civil Division may hear these kinds of cases. Moreover, the Vermont Supreme Court allowed the Civil Division to hear a similar case in *Merchants trust Co. v. Peisch*. *See* 165 Vt. 7, 7 (1996). Although the Court did not explicitly consider subject matter jurisdiction, it could have raised that issue on its own. Judicial economy would not be served by allowing this portion of the motion to dismiss to go on appeal. The events of this case created multiple issues that have not received final judgments. An appeal at this time would only further delay and obscure the issues in this case.

## Order

The Court **DENIES** Defendants' Motion for Permission to Take an Interlocutory Appeal.

Electronically signed on August 29, 2014 at 08:20 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Robert Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Carl Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff David Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Eric Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Frank Thum
Robert F. O'Neill (ERN 2991), Attorney for Plaintiff Tiffany Cobb Morgan
Gregory S. Clayton (ERN 1716), Attorney for Defendant Joseph O'Dea
Gregory S. Clayton (ERN 1716), Attorney for Defendant Joseph O'Dea
David A. Boyd (ERN 4578), Attorney for party 1 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 2 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 3 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 4 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 5 Co-Counsel
David A. Boyd (ERN 4578), Attorney for party 6 Co-Counsel