LORINDA SEEBROCK ET AL., APPELLANTS, V. MARGARET A. FEDAWA, APPELLEE.

[FILED NOVEMBER 11, 1891.]

1. **Wills**: DESCRIPTION: MISTAKE. An error in the description in a will, either of the legatee or of the subject-matter of the devise, will not avoid the will if sufficient remain to show with reasonable certainty what was intended.

2. ———: ———: ———. Where a testator devised lots 4 and 9 and the west one-half of 10 in block 32, in the city of Lincoln, and he was not the owner of lot 4, but did own lots 3, 9, and the west one-half of 10, and those were all the lots possessed by him in that block, *held*, that lot 3 passed by the will.

3. ———: BONA FIDE CONTESTANTS: COSTS TAXED TO ESTATE. Where an estate of considerable value was devised to the wife of the testator and her children, and the children of the testator by a former marriage were practically disinherited, and sufficient grounds existed to justify them in contesting the will, the costs and a reasonable attorney's fee to the attorneys for the contestant will be taxed to the estate.

REHEARING of case reported 30 Neb., 424.

*Lamb, Ricketts & Wilson,* for appellants.

*Pound & Burr, Billingsley & Woodward,* and *N. C. Abbott, contra.*

MAXWELL, J.

This case was before this court in 1889, the judgment of the court below being affirmed. A motion is now made by the contestants to modify the judgment so as to leave out lot 3 in block 32, in the city of Lincoln, as said lot is not devised in the will. There is also an application for fees and costs. The will in question is as follows:

"LAST WILL AND TESTAMENT OF JOHN ADAM FEDAWA.

"I, John Adam Fedawa, of the city of Lincoln, Nebraska, being of sound disposing mind and memory, do make, publish, and declare this my last will and testament.

"I give, bequeath, and devise unto my beloved wife, Margaret Ann Fedawa, all and every of my personal estate and property of every description and nature whatsoever, and wheresoever the same may be situated, except as hereinafter named. I also give, bequeath, and devise unto my wife, Margaret Ann Fedawa, all of lots numbered 4 and 9, the west one-half of lot numbered 10, all in block numbered 32, in the city of Lincoln, Lancaster county, and state of Nebraska, according to the recorded plat thereof.

"To have and to hold all of the said above described property to her exclusive use and benefit, so long as she shall remain my widow, or until my beloved son, Jay Gould Fedawa, shall come to the age of twenty-one years, then and upon either of these conditions the said above described property shall be. divided equally, share and share alike, among my four beloved children, Millie May Fedawa, Flora Belle Fedawa, Florence Dale Fedawa, and Jay Gould Fedawa.

"Provided further, that should it be found necessary to sell and dispose of any of said property, that lot numbered 4 of block numbered 32 of above described property may be sold, and none other.

"I further give, bequeath, and devise unto my children by my first wife, J. A. M. Fedawa, Lorinda Fedawa, and Milton Fedawa, the sum of seventy-five dollars, cash money, to be paid to them upon my death, share and share alike.

"All the rest and residue and remainder of my estate, both real and personal, I hereby give, bequeath, and devise unto my said wife, Margaret Ann Fedawa, and as well the lots hereinbefore described, to-wit, lots numbered 4 and 9 in the west half of block numbered 32, in Lincoln, Nebraska, hers to have and to hold, to own and control, subject, however, to the conditions herein mentioned.

"And provided further, that my said wife shall not, by taking under this will, waive or relinquish her right of dower in said premises, upon the determination of her life estate herein created.

"I hereby appoint my said wife, Margaret Ann Fedawa, and Carlos C. Burr, joint executors of this my last will and testament, hereby revoking all former wills by me made, and I hereby authorize and empower my said executors, on the sale of said lot 4, to make, execute and deliver any and all deeds necessary of conveyance, necessary and proper to pass title thereto to any purchaser, and that such deed as they may make shall be construed to pass the interest therein which by its terms such deed purports to convey, and they shall not be required in the premises to ask any aid from any court.

"In witness whereof, I have hereunto set my hand and seal this 29th day of December, 1886.

"JOHN ADAM FEDAWA.

"Signed in the presence of
    "A. F. PARSONS.
    "F. C. HARRISON."

It is admitted that Fedawa did not own lot 4 in block ·32, but he did own lot 3 in that block, and the contestees contend that parol evidence is admissible in connection with the statements in the will to show that he intended to devise lot 3.   The language of the will is: "I also give, bequeath, and devise unto my wife, Margaret Ann Fedawa, all of lots 4 and 9, the west half of lot numbered 10, all in block 32."   The evidence clearly shows that these were all the lots he possessed in block 32.

While it is true that oral evidence cannot be admitted to change the language of a written instrument, and particularly of a will, yet the universal rule at the present time is to admit oral proof to show that one term was used for another, or that an essential term, to make the definition perfect, was omitted or erroneously stated.   For the purpose of arriving at the intention of the testator, therefore, the will is to be read in the light of the surrounding circumstances.   Thus, suppose a party should devise the manor of B., and it should appear that the testator possessed two manors—one known as East B., and the other as West B. —parol evidence is admissible to explain the ambiguity by showing the testator's intention. (*Oxenden v. Chichester*, 4 Dow. [Eng.], 65; 3 Taunt. [Eng.], 147; *Doe d. Thomas v. Beynon*, 4 P. & D. [Eng.], 193; 12 A. & E. [Eng.], 431; *Fleming v. Fleming*, 1 H. & C. [Eng.], 242; 8 Jur. [N. S.], 1,042; 31 L. J. Exch., 419; 10 W. R., 778; 6 L. T. [N. S.], 896; *Doe d. Morgan v. Morgan*, 3 Tyr. [Eng.], 179; 1 C. & M., 235; *Whitaker v. Tatham*, 7 Bing. [Eng.], 628; 5 M. & P. [Eng.], 628; *Allen v. Allen*, 4 P. & D. [Eng.], 220; 12 A. & E. [Eng.], 451; 4 Jur., 985.)

The rule in construing wills is, that although there may be errors in the description, either in the legatee or the subject-matter of the devise, it will not avoid the bequest if enough remain to show with reasonable certainty what was intended (*Rom. Cath. O. Asylum v. Emmons*, 3 Bradf.

[N. Y.], 144; *Jackson v. Sill*, 11 Johns. [N. Y.], 201; *Kurtz v. Hibner*, 10 Am. Law Reg., 99), and parol evidence is admissible to correct the mistake. (*Patch v. White*, 117 U. S., 210; *Decker v. Decker*, 121 Ill., 341; *Moreland v. Brady*, 8 Ore., 303; *Gilmer v. Stone*, 120 U. S., 586.)

It is evident that the testator intended to devise all the lots he possessed in block 32 in the city of Lincoln, and that lot 3 was intended in place of lot 4.

We are asked to tax the costs of the contest to the estate, and also to allow a reasonable attorney's fee to the attorneys for the contestants. The contestants in this case were the children of the first wife of the testator. The estate is shown to be quite valuable, and they were practically disinherited. There is a large amount of testimony in the record tending to show that for some time prior to making the will the testator was not in a condition of mind to make a proper disposition of his property. There is other testimony tending to show that he was of sound and disposing mind at the time of making the will. This testimony was submitted to a jury and the will sustained. Thus the questions of fact were found by the jury, and the evidence being conflicting, this court could not say that it was clearly wrong, although, had the question been primarily submitted to this court, it is probable that a different conclusion would have been reached. There was probable cause, therefore, for contesting the will, and the costs will be taxed to the estate, and the attorneys for the contestants allowed the sum of $1,000 for all fees and expenditures, to be paid within ninety days.

JUDGMENT ACCORDINGLY.

THE other judges concur.