IN RE ESTATE OF FRANK HENTGES.

KATHERINE MCDANIEL ET AL., APPELLANTS, V. PETER HANSEN, EXECUTOR, APPELLEE.

FILED FEBRUARY 10, 1910.　No. 15,911.

Executors and Administrators: ACCOUNTING: ATTORNEY'S FEES. An executor should ordinarily be credited in his final account with the estate for reasonable attorney fees paid by him in proceedings to probate the will of his testator.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*J. H. Barry,* for appellants.

*J. J. Sullivan* and *A. H. Briggs, contra.*

ROOT, J.

This is an appeal prosecuted by certain legatees of Frank Hentges, deceased, from an order of the district court allowing the executor credit for attorney fees.

There is but little substantial conflict in the evidence, and, in so far as the witnesses disagree, we should solve the doubts in favor of the judgment. It appears that the testator departed this life possessed of property worth about $4,000, and survived by eight children and one grandchild. In April, 1906, an instrument purporting to be his last will and testament was presented for probate to the county judge of Platte county by Mrs. Gorgen, his daughter and a legatee. In that document the testator bequeathed to Mrs. Gorgen two-ninths of his estate, and the remainder was divided in equal shares among the grandchild and six children. Five of these children contested the probate of said will because of the alleged mental incapacity of their father, and prevailed in the county court, but on appeal to the district court a jury found in favor of the proponent. The executors named in

the will, five days subsequent to the day Mrs. Gorgen peti-
tioned for the probate thereof, filed a written declination
to accept said office, but thereafter Mr. Hansen, one of
the executors, withdrew his declination, subsequently
qualified and acted as executor. In his final report the
executor charged the estate for money paid by him to at-
torneys for services rendered in probating the will. The
contestants objected to the charges as unlawful. In argu-
ment they insist that the executor had no interest in
probating the will and that Mrs. Gorgen, the proponent,
should pay these fees. Judge Briggs appeared in the
county court and in the district court for the proponent,
and testified that he did so at the request of the executor
and the proponent. Judge Sullivan first appeared in the
district court, and testifies that he was employed by the
executor. The executor was called by the contestants,
and testified that he had nothing to do with employing
counsel until after he was appointed executor. If he used
the word appointed to designate the date he qualified as
executor, he flatly contradicts his counsel. If he referred
to the execution of the will, the date he was nominated
or appointed by the testator, there is no contradiction.
In the absence of explanation and in view of the finding
of the district court, we shall adopt the latter construc-
tion. Both attorneys rendered the ordinary professional
services incident to the administration of an estate subse-
quent to the probate of the will. The county judge dis-
allowed part of the executor's charge for attorney fees,
but the district court on appeal found the fees were rea-
sonable and a proper expense of administering the estate.

Counsel for appellants in a persuasive brief and
forcible argument at the bar asserts that the executor
should only be allowed credit for money necessarily ex-
pended by him in payment of attorney fees for services
rendered subsequent to his qualification as executor. The
precise point involved herein has not been determined by
this court. Sections 5002, 5003, 5004 and 5005, Ann. St.
1909, are as follows:

"Section 5002. Every person named as executor in any will shall, within thirty days after the death of the testator, or within thirty days after he has knowledge that he is named executor, if he obtains such knowledge after the death of the testator, present such will to the probate court, which has jurisdiction of the case, unless the will shall have been otherwise deposited with the judge of probate, and shall, within the period above mentioned, signify to the court his acceptance of the trust, or make known in writing to such court his refusal to accept it.

"Section 5003. Every person who shall neglect to perform any of the duties required in the last two preceding sections, without reasonable cause, shall be guilty of a misdemeanor, and shall be liable to each and every person interested in such will, for the damages which each person may sustain thereby.

"Section 5004. If any person having the custody of any will after the death of the testator shall, without reasonable cause, neglect to deliver the same to the probate court having jurisdiction of it, after he shall have been duly notified by such court for that purpose, he may be committed to the jail of the county by warrant issued by such court, and there be kept in close confinement until he shall deliver the will as above directed.

"Section 5005. When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by personal service on all persons interested, or by publication under an order of such court, in such newspaper printed in this state as the judge shall direct, three weeks successively, previous to the time appointed, and no will shall be proved until notice shall be given as herein provided."

By section 5017 all of the estate of a testator is made liable for the expense of administration as well as for the satisfaction of his debts and the support of his family.

Section 5148 provides that an executor or administrator shall be allowed all necessary expenses in the care, settlement and management of the estate.

In *Clark v. Turner*, 50 Neb. 290, Mr. Commissioner IRVINE argues that the statute commands an executor, after knowledge that he has been nominated as executor of a will and that the testator had departed this life, to present the will for probate or renounce the trust. Whether the executor, if he does not resign, is charged with an imperative duty of propounding his testator's will is not involved in this case, and was not necessarily presented in *Clark v. Turner, supra.* Independently of such a construction of the statute, we are of opinion that the executor has the power to request probate of his testator's will, and in some instances it may be his duty to do so. 3 Redfield, Law of Wills (3d ed.) p. 8; *Henderson v. Simmons*, 33 Ala. 291; *Phillips' Ex'r v. Phillips' Adm'r*, 81 Ky. 328; *Meeker v. Meeker*, 74 Ia. 352; *Lassiter v. Travis*, 98 Tenn. 330. If a legatee petitions for the probate of his testator's will, the executor may ordinarily discharge his duty by awaiting the outcome of that application provided he has complied with the statute, *supra*, but he may lawfully combine with the legatee for the purpose of advancing the expressed will of the deceased. In the last named event, his reasonable counsel fees incurred in establishing the will are expenses of administration to be paid from the assets of the estate, unless he acted in bad faith. *Phillips' Ex'r v. Phillips' Adm'r, Meeker v. Meeker* and *Lassiter v. Travis, supra; Succession of Heffner*, 49 La. Ann. 407; *Hazard v. Engs*, 14 R. I. 5.

Appellants' counsel contends that we are committed to a contrary doctrine, but we do not agree with him. In *Mathis v. Pitman*, 32 Neb. 191, a defeated contestant of a will recovered his costs and attorney fees. In *Seebrock v. Fedawa*, 33 Neb. 413, an heir of the deceased was reimbursed from the assets of the estate for counsel fees and costs incurred in an unsuccessful contest of her father's will. The equities seemed strong in favor of the contest-

ants in the cited cases and their good faith in waging the contest was undoubted. In *McClary v. Stull*, 44 Neb. 175, attorneys for discomfited contestants of a will requested that their fees should be paid from the assets of the estate. It appeared from the record that their fees were contingent, and we held they had no just claim against the estate for compensation. In *Clark v. Turner, supra*, counsel for a vanquished proponent of an alleged lost will moved the district court in proceedings there pending on appeal for the probate of said will for counsel fees. The prayer was denied because the district court had no authority in that proceeding to direct payment of the assets of the estate for a purpose which, if legitimate, constituted an expense of administration.

In *Wallace v. Sheldon*, 56 Neb. 55, costs and attorney fees had been taxed in favor of defeated contestants of a will, and we held the order erroneous. *Mathis v. Pitman* and *Seebrock v. Fedawa, supra*, were disapproved. It will be noticed that the learned commissioner writing the opinion of the court in *Wallace v. Sheldon* expressly disclaims committing us to a rule that under no circumstances may costs or attorney fees be allowed an unsuccessful contestant in proceedings to probate a proposed will. In *Atkinson & Doty v. May's Estate*, 57 Neb. 137, attorneys employed by a legatee to secure the probate of an alleged will failed in their mission. Subsequently they filed a claim for fees against the estate, and were defeated in the lower courts. We affirmed the judgment. In *St. James Orphan Asylum v. McDonald*, 76 Neb. 630, following *Atkinson & Doty v. May's Estate, supra*, we held that ordinarily the estate of a decedent would not be held liable for attorney fees for services rendered at the request of a legatee. The facts in that case disclosed that the equities were in favor of the defeated contestant. *In re Donges' Estate*, 103 Wis. 497, is cited with approval by Judge BARNES in his opinion in *St. James Orphan Asylum v. McDonald*. In the Wisconsin case Mr. Justice Dodge correctly reasons that taxable costs must be taxed ac-

cording to statute, and that contending legatees ought
not to be reimbursed from the assets of the estate for
counsel fees paid by them; but the learned jurist states
that what he has said does not refer to the allowance of
counsel fees reasonably incurred by an executor in the
good faith performance of his duties. Judge BARNES care-
fully discriminates between counsel fees paid by an execu-
tor and like fees expended by a legatee. *In re Estate of
Wilson*, 83 Neb. 252, an attorney had been appointed ad-
ministrator of an estate. Subsequently interested par-
ties sought to probate an alleged lost will wherein he was
named as executor. The heirs contested this application.
The administrator was a witness in the suit and attended
court during the trial. The will was not established, and
he was not permitted to collect an attorney fee for the
time he devoted to that case. He had not been employed
by either side to the controversy, and while it was pend-
ing was acting as an officer of the court. In *Smullin·v.
Wharton*, 83 Neb. 346, counsel fees were allowed by agree-
ment of parties.

In the instant case attorneys are not pursuing the estate
for compensation, nor is a legatee under the will demand-
ing reimbusement for money paid counsel, but the execu-
tor has paid for legal services rendered, as he asserts, in
the administration of the estate. No charge of bad faith
is made, but his power to create the liability is challenged.
In giving the executor credit for counsel fees, the county
court must have found that the employment was neces-
sary, although he concluded too much had been paid for
the services rendered. The effect of the judgment of the
district court on appeal is that the necessity existed and
the charges were reasonable. It may be that the executor
would have exercised better judgment had he permitted
the contending heirs to litigate the validity of the will, but
he was not compelled to do so, nor does the record suggest
bad faith on his part in casting the weight of his influence
and authority into the balance in favor of the proponent.
The estate is not great, and the fees, while not excessive,

form no inconsiderable part of the cost of administration, but the contestants, by attempting to defeat the will of their father, are responsible for that expense.

A consideration of the record and the arguments of counsel impel us to affirm the judgment of the district court.

AFFIRMED.