JONATHAN HEYWOOD ET AL., APPELLANTS, V. JOSEPH HEYWOOD ET AL., APPELLEES.

FILED SEPTEMBER 28, 1912. No. 16,665.

1. **Wills: CONSTRUCTION.** The provisions of a will, like all other contracts, must be construed with a view of carrying out the intention of the testator, and unless there is something in it con-

trary to the law of the state, or in contravention of public policy, it will not be declared invalid. *St. James Orphan Asylum v. Shelby*, 60 Neb. 796.

2. ———: ———: AMBIGUITY. The testator was the owner of a 240-acre farm "in Pleasant Valley township," otherwise described as the west half of the northwest quarter of section 13, and the south half of the northeast quarter, and the east half of the southeast quarter of section 14, all in township 19, of range 5 east of the sixth principal meridian, in Dodge county, on which resided his two sons, Joseph Heywood and Thomas J. Heywood, who were farming the same, and to whom he desired to devise the said farm subject to the life estate of his wife, Katherine Heywood, and he so informed the witness who drafted the will, and who then made a rough draft of the proposed will from which he shortly afterwards prepared the will itself, leaving out of it one of the three eighties which constituted the farm; at the time the will was made the testator only owned one farm "in Pleasant Valley township," and he owned in township 19, of range 5 east, the 240 acres of land above described and no other land in that township, so that the land is identified with the particular farm intended to be devised to the two particular sons so named in the will.

3. ———: ———: EXTRINSIC EVIDENCE. Where the intention of the testator is to be gathered from the will itself and from the extrinsic evidence of facts surrounding its execution, such extrinsic evidence is admissible for the purpose of ascertaining whether a state of facts existed at the time the will was written which corresponded with the words used and the aim of the testator. Such evidence may not be admitted to vary the terms of the will or to add anything to it so as to arrive at an intention not expressed in it, but to harmonize the language used by the testator with the facts referred to, and thus to arrive at the testator's intention as expressed in the will, and a ruling which makes the will and the facts inconsistent is not to be adopted.

4. Evidence examined and found to sustain the judgment of the district court.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed*.

*F. W. Button*, for appellants.

*A. H. Briggs*, contra.

HAMER, J.

This is an appeal from a judgment of the district court for Dodge county construing a will and quieting title in Joseph Heywood and Thomas J. Heywood, subject to the life estate of Katherine Heywood, in 240 acres of land described as the west half of the northwest quarter of section 13, and the south half of the northeast quarter and the east half of the southeast quarter of section 14, all in township 19, of range 5 east of the sixth principal meridian, in Dodge county. It is claimed by the appellants that the evidence is insufficient to support the decree. It is urged that the 80-acre tract in section 13 was not included in the will, and therefore that it descends to the heirs. Omitting the formal part of the will it reads: "First. I order and direct that my executrix, hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be. Second. After the payment of such funeral expenses and debts, I give, devise and bequeath my entire estate, both real and personal, to my beloved wife Katherine Heywood, she to have and to hold the same as long as she may live. Third. After the death of my said wife, to be divided as follows, to wit: To my son Jonathan Heywood, the sum of ($100.00) one hundred dollars. To my son Joseph Heywood, the undivided one-half of the 240-acre tract in section 14, township 19, range 5, Dodge Co., Nebraska. To my son Thomas Heywood, the undivided one-half of the 240-acre tract of land in section 14, township 19, range 5, Dodge county, Nebraska. To my son Barney Heywood, the southeast quarter S. E. ¼ sec. 10, township 19, range 6. To my son Edward Heywood, the east half of southwest quarter of section 10, and the east half of the northwest quarter of section 15, all in township 19, range 6, Dodge county, Neb. To my son Nick Heywood, the east half of the northwest quarter section 10, township 19, range 6, and the south half of the southwest quarter of the southwest quarter of section 15, township 18, range 6,

Dodge county, Neb.  Fourth. Each one of my sons is to pay whatever incumbrance there may be against the tract of land he is to receive.  Fifth. To my daughter Annie Metschke, the sum of five hundred dollars ($500.00) shall be paid.  Sixth.  I direct that all personal property remaining after the death of my said wife, shall be sold, and from the proceeds the bequests heretofore named, to my son Jonathan Heywood and my daughter Annie Metschke, as well as all other debts shall be paid, and should anything remain, same shall be divided share and share alike amongst my seven children or their heirs."

It will be seen that there is no mention in the will of the 80-acre tract of land in section 13 above mentioned. The evidence shows that the testator at the time of making the will was the owner of the 80-acre tract above described, and that it was a part of his farm "in Pleasant Valley township."  He owned a 240-acre farm in township 19 north of range 5 east, and that was his farm "in Pleasant Valley township."  The two sons, Thomas and Joseph, were in possession of this 240-acre tract and were farming it together.  The three 80-acre tracts joined, and together made the one body of land.  The witness who drafted the will testified that he made a rough draft of the proposed will according to the wishes of the testator, and then from that draft prepared the will itself.  This witness testified that the testator stated to him that he wished to give to his sons, Joseph and Thomas, "the land in Pleasant Valley township."  They were to have 240 acres of land in that township, each to receive an undivided one-half.  The record shows that the testator only owned in township 19 of range 5 the 240 acres of land above described.  There is uncertainty because the 80-acre tract is omitted from the will.  The testator owned only one farm in "Pleasant Valley" township, and that farm was occupied by the two sons mentioned.  The parol evidence would seem to remove all uncertainty concerning the intention of the testator.  His purpose was to give the two sons mentioned the land in "Pleasant Valley," subject to the rights of the widow, Katherine Heywood.

The case of *Lomax v. Lomax*, 218 Ill. 629, 6 L. R. A. n. s. 942, cited in appellant's brief, would not seem to be in point, because the testator in that case owned many tracts of land, some of which he did not include in the will or attempt to devise. "It is a rule, in construing deeds or wills, that the intention of the grantor or testator, as manifested by the words of the writing in connection with surrounding circumstances, must be carried into effect, provided in so doing no rule of law is violated or sound policy disturbed." *Pool v. Blakie*, 53 Ill. 495. This rule was adopted by this court in *McCulloch v. Valentine*, 24 Neb. 215, and in *Lesiur v. Sipherd*, 84 Neb. 296. The language used in the syllabus in *St. James Orphan Asylum v. Shelby*, 60 Neb. 796, is: "The provisions of a will, like all other contracts, must be construed with a view of carrying out the intention of the testator, and unless there is something in it contrary to the law of the state, or in contravention of public policy, it will not be declared invalid." In *Daugherty v. Rogers*, 119 Ind. 254, 3 L. R. A. 847, the will contained: "I will, devise and bequeath to Philo Rogers, the young man I raised, in addition to what I have already given him, the further sum of $500." At the time this will was executed the testator held six notes against the legatee named, calling in the aggregate for the payment of $6,000. Suit was brought on the notes by the administrator. In the opinion rendered the court quotes the maxim of Lord Bacon concerning what he defined to be an ambiguity: "That which seemeth certain and without ambiguity for anything that appeareth upon the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity." The court also cites *Hawkins v. Garland's Adm'r*, 76 Va. 149, 44 Am. Rep. 158. In discussing the matter of ambiguity the Indiana court said: "Whenever, therefore, in applying a will to the objects or subjects therein referred to, extrinsic facts appear which produce or develop a latent ambiguity, not apparent upon the face of the will itself, since the ambiguity is disclosed by the introduction of extrinsic

facts, the court may inquire into every other material extrinsic fact or circumstance to which the will certainly refers, as well as to the relation occupied by the testator to those facts, to the end that a correct interpretation of the language actually employed by the testator in his will be arrived at." In stating affirmatively the purpose for which extrinsic evidence may be admitted, the court say it is "to connect the instrument with the extrinsic facts therein referred to, and to place the court, as nearly as may be, in the situation occupied by the testator, so that his intention may be determined from the language of the instrument, as it is explained by the extrinsic facts and circumstances. *Greenpoint Sugar Co. v. Whitin,* 69 N. Y. 328, 336, and cases cited." A large number of American and English cases are referred to in the opinion. The court continues: "Thus, where a devise was to the children of the testator, upon inquiry it was discovered that he had no children, but there were other persons concerning whom he had always, or habitually, spoken as his children, and it was held that they were the persons intended. This brings us to a point where the general principles above stated may be applied to the case under consideration. Looking at the will, it is at once apparent that the object of the testator's bounty, so far as the subjects herein involved are concerned, is the young man he had raised; that primarily the subject of disposition was the further sum of $500, and that the intention of the testator respecting the object and subject was, that the young man he had raised should receive a legacy of $500, in addition to what he had heretofore given him." It was held that the administrator could not recover, and that the purpose of the devise was to give the devisee the $6,000 included in the notes. The doctrine laid down in the cases above cited is sustained by *Wootton v. Redd's Ex'r,* 53 Va. 196. It seems reasonable, and sustains the lower court.

The judgment of the district court for Dodge county is

AFFIRMED.

Rose and Sedgwick, JJ., concur in the result affirming the judgment of the district court.