ANNA MOHR, APPELLEE, V. HANS HARDER, APPELLANT.

FILED MAY 17, 1919. No. 20491.

1. **Remainders:** LIMITATIONS. The statute of limitations does not
   begin to run against a remainderman until knowledge is clearly
   brought home to him that another is claiming title adversely.

2. **Wills:** MISTAKE. When a testator has named in his will as a
   beneficiary a child who died before the will was written, and with-
   out heirs, and it clearly appears that he intended to name another
   child, then living, as such beneficiary, but by inadvertence or
   mistake the name of the deceased child was inserted instead of
   that of such living child, the district court has power in a proper
   case to construe the will to express the real intent of the testa-
   tor in that regard as shown by the evidence.

3. **Partition:** JURISDICTION: CONSTRUCTION OF WILL. "The district
   court has jurisdiction in an action of partition to construe a
   clause in a will determining the rights of the parties to the
   land under the will." *Fisher v. Fisher*, 80 Neb. 145.

4. ———: EVIDENCE. Evidence examined, and *held* that it sustains
   the judgment of the district court.

APPEAL from the district court for Dodge county:
GEORGE H. THOMAS, JUDGE. *Affirmed.*

*John J. Sullivan, Frank Dolezal* and *Henry M. Kid-
der,* for appellant.

*W. M. Cain, contra.*

DEAN, J.

Joachim Harder died testate in Dodge county in
1894. His widow, Margaretha Harder, since deceased,
and their two children, namely, Anna Mohr and Hans
Harder, plaintiff and defendant, respectively, sur-
vived him. Hans died after this appeal was perfected,
and the action was revived here in the name of his
widow, Myrtle Harder. The record title to 120 acres
of farm land in Dodge county stood in Joachim's name
when he died. Joachim's widow was a life tenant

103 Neb.—35

under his will. Within two months after her death in 1916 plaintiff began this action in partition. Upon return of the referee's report the court ordered the land sold and the proceeds divided equally between the parties. Defendant appeals.

Joachim's will was written about a year before he died. This clause in the will is the basis of the action: "Third. I give and devise all of the real property of which I may die seized, after the decease of my said wife, equally to my son Hans Harder and my daughter Catherine Lutthans, share and share alike to them and their heirs forever. I hereby appoint my son Hans Harder, the sole executor of this my last will and testament."

Catherine Lutthans who is named in the will was a married daughter who died childless seven years before the will was written. Neither the attorney who wrote it in 1893 nor a subscribing witness who testified could explain how or why Catherine's name came to be written in the will and plaintiff's name omitted. This circumstance may perhaps be explained from the fact that the testator was a German who spoke very little English and imperfectly understood our language, and the scrivener spoke English and very imperfectly spoke or understood German. No sufficient reason appears for omitting Anna's name.

Plaintiff testified that her brother Hans knew and repeatedly said that her name was omitted from the will by mistake, and that on the same day that Hans offered the will for probate and immediately on his return from Fremont he had a talk with her. She testified: "He come out to the farm to me and he said, 'Well, there was a mistake or something: instead of your name should be in there, there was Katie's name in there.' " When she asked him if she would have to go to Fremont, presumably to have the apparent mistake rectified, he said: "You need not to; you get

your half, anyhow.'' Subsequently, in talks she had with him about dividing the land, she testified that Hans said he wanted the half ''with the buildings,'' and that he told her she should take ''that other without the buildings.''

When a testator has named in his will as a beneficiary a child who died before the will was written and without heirs, and it clearly appears that he intended to name another child, then living, as such beneficiary, but by inadvertence or mistake the name of the deceased child was inserted instead of that of such living child, the district court has power in a proper case to construe the will to express the real intent of the testator in that regard as shown by the evidence. *Second United Presbyterian Church v. First United Presbyterian Church,* 71 Neb. 563; *Siegley v. Simpson,* 73 Wash. 69, 47 L. R. A. n. s. 514, and notes.

It is argued by defendant that Hans paid the purchase price for the land, but had the legal title taken in the name of his father to hold for him. In their brief it is said that Hans' possession was, ''from date of purchase to the filing of this suit, adverse, continuous, uninterrupted, exclusive, peaceable and notorious, and being such for more than ten years immediately preceding the commencement of this action.'' The circumstances as detailed in the record do not support defendant's contention. The contract for the purchase of the land in suit was made in the name of Joachim Harder. About the same time Hans bought land for himself from the same company and took the contract, and later the deed, in his own name. The receipts for the money paid for the land involved herein were issued to Joachim, and the deed named Joachim as grantee. Hans was present when his father made the will in question that gave to him one-half of the land in suit subject to his mother's life estate. In

the verified inventory of his father's estate, filed by Hans as executor, he listed the land as the property of the estate. Hans charged himself $300 for rent of the land and charged the estate for taxes that he paid on the land. A codicil to Hans' will is in the record under date of April 29, 1915. Therein he devised his "one-half (½) interest" in the 120-acre tract in suit "to my daughter Martha Harder." These are only a few of the circumstances that we find in the record that seem to plainly indicate that Hans never claimed more than one-half interest in the land in suit until about the time this action was commenced, and that his possession of the land while his father lived was merely that of a tenant.

Defendant argues that "plaintiff's cause of action, if she ever had any, accrued immediately upon the death of Joachim Harder, either for a construction of the will or for a judicial determination of her claim of title." This argument is not tenable. Plaintiff was not bound to assert her claim nor to take steps to protect her interest before the death of the life tenant until knowledge was clearly brought home to her that her brother Hans was making claim to the entire estate. *Criswell v. Criswell,* 101 Neb. 349. Constructive notice is not sufficient. *Maurer v. Reifschneider,* 89 Neb. 673. Hans did not make claim to the entire estate, as defendants now contend, but continuously by word and conduct announced to the world that he claimed title to only one-half of the estate, subject solely to the life estate of his mother. Plaintiff, having commenced the present action within about two months after the death of the life tenant, cannot be charged with laches.

Defendant argues: "That the trial court erred in assuming jurisdiction of construction of the will of Joachim Harder." This point has been decided adversely to defendant's contention in *Fisher v. Fisher,*

80 Neb. 145, wherein it is expressly held: "The district court has jurisdiction in an action of partition to construe a clause in a will determining the rights of the parties to the land under the will." In *Gotchall v. Gotchall,* 98 Neb. 730, the rule in the *Fisher* case is cited with approval.

Finding no reversible error, the judgment is

AFFIRMED.