132 N.W.2d 304 (1964)
178 Neb. 79
FATHER FLANAGAN'S BOYS' HOME, a Corporation, and Omaha Home for Boys, a Corporation, Appellees,
v.
Mabel E. GRAYBILL, Appellant, Impleaded with Channing J. Lewis, Executor of the Estate of Gustaf Herbert Johnson, deceased, et al., Appellees.
No. 35769.
Supreme Court of Nebraska.
December 18, 1964.
*306 Johnson, Kelly, Evans, Johnson & Spencer, Broken Bow, for appellant.
Schaper & Schaper, Broken Bow, Monsky, Grodinsky, Good & Cohen, Finlayson, McKie & Kuhns, Omaha, Roy E. Blixt, Arnold, Robert E. Roeder, North Platte, for appellees.
Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH and ROBERT L. FLORY, District Judges.
CARTER, Justice.
This is an action for a declaratory judgment commenced in the district court for Logan County by the plaintiffs as beneficiaries under the will of Gustaf Herbert Johnson, deceased, for a construction of the will and a determination of their interests in the estate. The defendants answered and a trial was had. The trial court found for the plaintiffs and the defendant Mabel E. Graybill has appealed. Other defendants below are shown as appellees but have filed no briefs in this court.
The evidence shows that Gustaf Herbert Johnson executed his will on January 1, 1961. He died as a resident of Custer County on April 17, 1962, and his will was admitted to probate by the county court of Custer County. The will contained two paragraphs which are the subject of the present litigation. These two paragraphs provided:
"3edIf Mrs. Mabel E. Graybill is still with me when I pass on, I give, devise and bequeath to her all my personal property, furniture, house hold goods, car, tools, garden and lawn equipment chickens and feed. After taxes, insurance and upkeep has *307 been taken care of, she is to have the income from the home and two farms for as long as she lives.
"4thAfter she has passed on or left then I give, device and bequeath $1,000.00 (One Thousand dollars) to the Finch Memorial Library in Arnold, the ballance one half to eachThe Flanningan's Home for Boys, and the Omaha Home for Boys."
There is no question as to the descriptions of the two farms which are specifically set out in the pleadings and the applicability of the will thereto. One farm is in Custer County and the other is in Logan County. On November 1, 1960, prior to the execution of his will, the deceased entered into an executory contract of sale of the Logan County farm with Richard N. Jensen for the sum of $19,775, which contract was not in default at the time of his death. The legal title to the land was in the name of deceased at the time of the execution of his will and also at the time of his death.
It is the contention of Mabel E. Graybill that the trial court erred in holding that it had jurisdiction of the subject matter of the action and in holding against her contention that the payments of principal due under the contract passed to her as personal property of the estate by paragraph 3 of the will.
[1-3] It is contended that the county court of Custer County has original jurisdiction to construe the will of the deceased and that the district court has jurisdiction only on appeal. By a long line of cases this court has held to the contrary. The rule is: The probate court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will. It has no jurisdiction to construe wills to determine the rights of devisees or legatees as between themselves, or between the executor and persons claiming adversely to the estate. Such latter jurisdiction is in the district court. Merrill v. Pardun, 125 Neb. 701, 251 N.W. 834; DeWitt v. Sampson, 158 Neb. 653, 64 N.W.2d 352; Lutcavish v. Eaton, 166 Neb. 268, 89 N.W. 2d 44; Brown v. Applegate, 166 Neb. 432, 89 N.W.2d 233.
The action in this case is one to construe the will of Gustaf Herbert Johnson and nothing more. It is not a case of general equity jurisdiction in which the construction of the will is incidentally involved. Objection to the jurisdiction of the district court for Logan County over the subject matter of the action was made by special demurrer. All necessary parties were either served personally with summons, or a general appearance made. The issue is, therefore, the question of venue of an action for the construction of a will.
In this connection we point out that the deceased was domiciled in Custer County at the time of his death, and his will was admitted to probate in that county. This action was brought in Logan County. The question is whether or not an original action for the construction of a will must be brought in the district court for the county where the will is probated, or may it be brought in the district court where real estate passed by the will is situated, or is it a transitory action that may be brought where service of process upon the defendants may be obtained.
The petition filed in this case prays for nothing but a construction of the will, and is in fact a suit brought for no other purpose than to obtain a construction of the will and a determination of plaintiffs' relation to it. It has been held in a number of states that the equitable jurisdiction to construe wills is simply an incident of the general jurisdiction of a court of equity and that a court of equity will not entertain jurisdiction of a suit brought for no other purpose than to obtain a construction of a will without a prayer for any other relief. 96 C.J.S. Wills § 1075, p. 741; 57 Am.Jur., Wills, ss. 1023 and 1024, pp. 662 and 663. The Uniform Declaratory Judgments Act of this state authorizes courts of record to construe wills. Sections 25-21,150 and 25-21,152, R.R.S.1943. The act, however, does. *308 not fix the venue of the action. Under the case law of this state, as we have hereinbefore pointed out, the district court and not the county court has the exclusive power to construe wills to determine the rights of devisees or legatees as between themselves, or between the executor and persons claiming adversely to the estate.
[4] There can be no question that the district courts of this state have the exclusive power to construe wills except for the limited power of the county court to construe a will for the benefit of the executor in carrying out the terms of the will.
We have found no case in this jurisdiction which determines the venue of an action to construe a will where no other basis of equitable jurisdiction exists. A dearth of cases on this precise point appears to exist in other jurisdictions.
In the holdings of this court in dealing with the propriety of construing wills in district courts other than in the county where the will was or is being probated, the jurisdiction was sustained on the theory that it was incidental or ancillary to the attaching of the general equity jurisdiction of the court on other grounds. See, Hahn v. Verret, 143 Neb. 820, 11 N.W.2d 551; Mohr v. Harder, 103 Neb. 545, 172 N.W. 753; Klug v. Seegabarth, 98 Neb. 272, 152 N.W. 385; St. James Orphan Asylum v. Shelby, 75 Neb. 591, 106 N.W. 604. From this it might be inferred that the jurisdiction of a district court other than in the county where the will was or is being probated rests solely on its being incidental or ancillary to the general equity jurisdiction of that court. This is not necessarily so. The fact that a court may see fit to sustain venue and jurisdiction on one ground does not have the effect of excluding any other basis for sustaining venue or jurisdiction under different circumstances, particularly when the grounds stated are not held to be exclusive.
[5] The Uniform Declaratory Judgements Act is a procedural act. Graham v. Beauchamp, 154 Neb. 889, 50 N.W.2d 104; Rohn v. Kelley, 156 Neb. 463, 56 N.W.2d 711. Venue in a declaratory judgment action is governed by the rules relating to venue of civil actions generally. 9A Uniform Laws Annotated, Declaratory Judgments, s. 1, Note 120, Venue, p. 76.
[6-8] The venue of an action is the place of trial of an action, the place where the power to adjudicate is to be exercised, the place where the suit may or should be heard. See Lewin v. Lewin, 174 Neb. 596, 119 N.W.2d 96. In this state venue is fixed by statute. We have no statute which specifically fixes the venue of an action which was brought for the sole purpose of construing a will. Section 25-409, R.R.S.1943, contains a residuary venue provision which provides in part: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." While this provision appears in a section of the statute dealing with tort actions, it has been applied by this court to other actions. See, Parker v. Luehrmann, 126 Neb. 1, 252 N.W. 402; Abbott v. Wagner, 108 Neb. 359, 188 N.W. 113; Nebraska Nat. Bank v. Parsons, 115 Neb. 770, 215 N.W. 102. The action is therefore transitory as distinguished from a local action. We conclude, for the foregoing reasons, that the venue of the present action was properly determined by the trial court to be in Logan County.
[9] It is the contention of Mrs. Graybill that all the personal property of the deceased was bequeathed to her by paragraph 3 of the will and, since the executory contract of sale of the Logan County farm is personalty, the proceeds of the sale of the farm pass to her by the will. We are in accord with the foregoing contention that the contract of sale is personalty as declared in Buford v. Dahlke, 158 Neb. 39, 62 N.W.2d 252, in substance as follows: Where an owner of real estate entered into a binding contract for the sale thereof prior to his death, equity will treat the realty as personalty in distributing his estate.
*309 It is the contention of the plaintiffs, however, that it was the intention of the testator, as gleaned from the will and the attendant circumstances, that the sale contract, although personalty, was to pass as real estate under the will and that the provisions of paragraph 4 of the will had the effect of passing to plaintiffs any interest the testator had in the Logan County farm.
[10] "Under our statute and decisions of this court, it is the rule that in the construction of a will we must give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with rules of law, and as stated in Fisher v. Fisher, 80 Neb. 145, 113 N.W. 1004, 1005: `In arriving at an understanding of the intention of the testator and the meaning of the language used in his will, it is the duty of the court to take into consideration all the facts and circumstances surrounding the testator at the time of the making of the will.'" Hahn v. Verret, supra.
Immediately prior to the time the testator entered into the sale of the Logan County farm with Jensen, he was the owner of a residence and farm in Custer County and the farm in Logan County. He owned no other real estate. Two months prior to the execution of his will he entered into the contract with Jensen for the sale of the Logan County farm. Testator retained the legal title to the farm, the equitable title passing to Jensen. With this situation existing, testator, by paragraph 3 of the will, bequeathed to Mrs. Graybill the income from the home and the two farms for her lifetime. By paragraph 4 of the will testator gave the balance of his estate to the plaintiffs subject to a bequest of $1,000 to the Finch Memorial Library in Arnold, Nebraska.
[11] It seems clear to us that testator, under such circumstances, intended that his interest in the Logan County farm, subject to the payment of the income to Mrs. Graybill and the $1,000 bequest, was to pass to the plaintiffs under the will. The fact that he believed that his retention of the bare legal title and its devise by the will would accomplish his purpose will not operate to defeat his intent to devise and bequeath his interest in the Logan County farm to the plaintiffs.
The case is similar in principle and is controlled by Battey v. Battey, 94 Neb. 729, 144 N.W. 786. In that case the court adopted the holding of the court in Woods v. Moore, 4 Sandf. (N.Y.Super.Ct.) 579, which stated: "The rule established is very plain that, where it is clear that there was an intent that the property in question should pass, it will be held to pass, notwithstanding a misdescription, so long as there is enough of correspondence to afford the means of identifying the subject of the gift. The rule comes to this that, where it is necessary to carry out the intent that the will shall operate on the real estate, it will be held so to operate, although the object is not thus described, and vice versa. So when the devise is of land, and it turns out that the testator's interest was a mortgage upon the same land, the law may pass his estate as mortgagee, such as it actually existed, with all his rights and interests in the debt, and in the land itself growing out of that relation to it."
[12] Applying the foregoing rule to the instant case, the devise of the land, subject to the payment of its income to Mrs. Graybill during her lifetime, was effective to pass the interest of the testator in the land under the executory contract of sale, subject to the payment of the income to Mrs. Graybill during her lifetime, from the principal amount due under the contract of sale.
[13] A general or specific devise of land passes the interest of the testator in the land which he had contracted to sell, unless the intent of the testator as demonstrated by the will and the attendant *310 circumstances is shown to be otherwise.
The trial court came to this same conclusion and its judgment is affirmed.
Affirmed.